UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 28, 2005
Decided October 28, 2005

Before

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** FRAHK H. EASTERBROOK, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* **No.** 04-3733 **v.** CURTIS A. KING, *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin. No. 04 CR 78 John C. Shabaz, *Judge.* |

**Order**

The defendant's sentence was enhanced because of a prior conviction. His sole contention on appeal is that this conviction had to be alleged in the indictment and proved to a jury's satisfaction. He concedes that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), rejected this precise contention but contends that *Almendarez-Torres* is no longer good law. This argument is not one that we are free to entertain, however; only the Supreme Court can decide when one of its decisions will be overruled. The Justices continue to recite the *Almendarez-Torres* limitation on the approach adopted by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). See *United States v. Booker*, 125 S. Ct. 738, 756 (2005): "Any fact *(other than a prior conviction)* which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a guilty verdict must be admitted by the defendant or

proved to a jury beyond a reasonable doubt." (Emphasis added.) Defendant's counsel therefore raises the contention only to preserve it for presentation to the Supreme Court. That task has been accomplished, and we send the case on its way.

Affirmed